UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA ANN RICHARDSON,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 1:21-cv-00005-DAD-HBK<br><br><u>ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR AN AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSICE ACT</u><br><br>(Doc. No. 24) |

     On January 4, 2021, plaintiff Pamela Ann Richardson filed this action seeking review of a final decision of defendant Kilolo Kijakazi, the Acting Commissioner of Social Security. (Doc. No. 1.) On March 7, 2022, the matter was remanded to the Commissioner of Social Security for further proceedings pursuant to 42 U.S.C. § 405(g). (Doc. No. 22.) On June 6, 2022, plaintiff filed the pending motion for an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $609.24. (Doc. No. 24.) On June 17, 2022, defendant filed a statement of non-opposition to the pending motion for attorneys' fees. (Doc. No. 26.)

     The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was

1

substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action.  28 U.S.C. § 2412(d)(2)(H).  For EAJA purposes, a claimant who receives a sentence four remand in a social security case is a prevailing party.  *Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993).

The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable.  *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA).  As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked."  *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

Here, plaintiff is the prevailing party because the court remanded this action to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (*See* Doc. No. 22.)  The court also finds that plaintiff's request for a fee award of $609.24 is reasonable and supported by the documentation provided by plaintiff's counsel reflecting a reasonable expenditure of 2.85 hours on this matter.

Accordingly, the court will grant the pending motion and award plaintiff attorneys' fees in the amount of $609.24.

For the reasons set forth above:

1. Plaintiff's motion for attorneys' fees (Doc. No. 24) is granted;
2. Pursuant to the EAJA, 28 U.S.C. § 2412(d), plaintiff is awarded attorney's fees in the amount of $609.24;
3. After the issuance of this order, the government shall consider the assignment of the EAJA attorney's fees to plaintiff's counsel;
    a. Pursuant to the decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), any such assignment will depend on whether the attorney's fees are subject to any offset allowed under the United States Department of Treasury's ("the DOT") Offset Program;

      b.      Fees shall be made payable to plaintiff, but if the DOT determines that plaintiff does not owe a federal debt, then the government shall cause the payment of attorney's fees to be made directly to plaintiff's counsel, Jonathan O. Peña;

4.      Whether the payment of attorney's fees is made payable to plaintiff or to his counsel, the check will be mailed to plaintiff's counsel's mailing address at:

> Jonathan O. Peña
> Peña & Bromberg, PLC
> 2440 Tulare St., Ste. 320
> Fresno, CA 93721

IT IS SO ORDERED.

Dated: **June 21, 2022**            /s/ Dale A. Drozd
                                       UNITED STATES DISTRICT JUDGE

3